Walter E. Hart, J.
In this action for personal injuries plaintiff, a passenger in defendant’s vehicle, moves for summary-judgment.
In her moving affidavit plaintiff states that on June 4, 1961 at about 2:30 a.m. defendant was proceeding along Long Beach Boad in Bockville Centre, Long Island, N. Y., and slowed to make a left turn into Seitz Avenue. While making the turn his vehicle went out of control with a sudden burst of speed, swinging sharply to the left mounting the curb and striking a parking sign and then a wall of a building. As a result of the accident she was rendered unconscious and removed to the South Nassau Communities Hospital by a police patrol car; that she was treated for her injuries at the hospital; she is still under the care of her family physician and the neurologist to whom she was referred.
Attached to the moving affidavit is a photostatic copy of defendant’s motor vehicle report wherein he stated: “ Car #1 driving on Long Beach Boad stopped for approaching traffic for purpose of making left hand turn into Seitz Ave., Bockville Centre, N. Y. Evidently lost control of car by stepping too heavy on gas pedal, having driven too far to right side prior to making left turn.” In the said motor vehicle report defendant wrote that plaintiff was a passenger; that she sustained a slight laceration of the scalp for which she was given first aid at the South Nassau Communities Hospital.
In his opposing affidavit defendant states: “ I was operating the car on Long Beach Boad and intending to make a left turn from Long Beach Boad. I passed the street where I had originally intended to make a left turn and brought my car to a stop at the intersection of Seitz Avenue and Long Beach Boad to make the left turn there. This was the first time I had made a left turn into Seitz Avenue from Long Beach Boad. My car was halted in the lane of traffic nearest to the center of the road at the intersection of Long Beach Boad and Seitz Avenue. There was considerable on-coming traffic going in the opposite direction from the direction I was facing and I waited for an opening in the traffic to enable me to make the left hand turn into Seitz Avenue. When I saw the opening, I stepped on the gas pedal to make the left turn and proceeded to do so. When I almost completed the left turn I realized that my ear had been past the center of the intersection before I had started to make the turn and I was unable to avoid striking the right hand curb on Seitz Avenue at the intersection with the right front wheel of my car. When the side of my right front wheel struck the curb it caused the automobile to veer to the left and to cross *414 Seitz Avenue and the left side of my car came in contact with a parking sign near the intersection, and before I could bring it to a stop the left front fender portion of my car came into contact with garage premises which were approximately two car lengths beyond the parking sign. It appeared to me that when the right front wheel of my automobile came in contact with the curb while making the turn, that this caused me to involuntarily exert some pressure on the accelerator and it appeared to stick in that position.”
Defendant by his own words clearly demonstrates that he operated the vehicle in a negligent manner. There is no unequivocal claim of a sudden mechanical failure. Defendant does not aver unequivocally that the accelerator stuck when pressure was applied but that ‘ ‘ it appeared to stick ’ ’ after the right front wheel of his car came into contact with the curb while making the turn, which caused him 1 ‘ to involuntarily exert pressure on the accelerator.” It is apparent that his striking the curb in the first instance was due to his negligence.
The facts presented by the affidavits herein do not disclose merely a res ipsa situation where the trier of 'the facts may or may not elect to draw an inference of negligence. On the contrary, defendant by his statement of the occurrence clearly demonstrates his culpability. Since there is nothing from which it can be inferred that plaintiff was guilty of contributory negligence, upon a trial of the action plaintiff would be entitled to a direction of the verdict. There would be no factual issues for the jury to resolve.
While defendant in his answering affidavit asserts that plaintiff was not rendered unconscious as a result of the accident, he makes no assertion that plaintiff sustained no injury at all; in fact his motor vehicle report would negate such an assertion. Accordingly, plaintiff’s motion for summary judgment is granted and an assessment of damages directed.